*Pendleton* ads. *Le Conte.*

ISSUE was joined on the 9th of *June* last, and on the 19th, notice was given by the defendant, that application would be made this term for a commission : notwithstanding which, on the 26th, the plaintiff gave notice of trial for the *July* circuit, at which time an inquest was taken by default.

*B. Livingston* now moved to set it aside for irregularity.

*Harison*, for the plaintiff. The defendant having been obliged by the order of the last term to elect one of two pleas, has seen fit to abide by the plea of *nil debet;* but no such plea can be received in this action, and it must be considered a mere nullity. The merits of any judgments rendered in another state cannot, under the act of Congress, be examined here. *Nul tiel record* is the only plea that is admissible. And as to the notice of the intended application for a commission, it ought not to operate to procure the defendant a delay, for it was his neglect that he had not applied last term.

*Burr*, in reply. Whether any testimony involving merits can be admitted under any plea, or whether the plea of *nil debet* is proper in this action, are points not to be tried in this way. The application for a commission is in time, according to Rule IX. of *April*, 1796.

July Term,   *Per Curiam.*   Issue not having been joined till af-
1799.   ter the election was made in vacation, the defendant
is in time by the Rule of *April*, 1796.   On the other
point, we are of opinion that the propriety of the plea
is not examinable, upon this motion.

Let the verdict be set aside, and a commission is-
sue : the costs to abide the event of the suit.